IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Darcy S. Villebrun, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 3:08-cv-122 |
| vs. | ) | |
| | ) | |
| State of North Dakota, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Darcy Villebrun ("Villebrun") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. # 2). On initial review of the petition pursuant to 28 U.S.C. § 1915A and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, the court could not determine from the face of the petition whether petitioner stated a claim of constitutional merit, so the court proceeded with service upon the respondent to seek clarification of the underlying facts. Respondent answered the petition, submitted the state court record, and separately moved to dismiss. (Docs. # 5, 6). The court then ordered the respondent to submit a transcript of petitioner's change of plea and sentencing hearing held in Cass County District Court to further clarify the underlying facts. (Doc. # 15). The respondent submitted the transcript, and the court will now consider the merits of the habeas petition (Doc. #2), respondent's motion to dismiss (Doc. #6), and petitioner's motion to show cause and prejudice (Doc. #10).

### Background

Villebrun, who is currently confined at Centre, Inc. in Fargo, North Dakota, was convicted on March 20, 2006 in Cass County District Court of Felony Possession of a Controlled

Substance. (Resp. Ex. 3). She was sentenced to serve one year and one day with all but fifteen days suspended for one year, subject to supervised probation. (Resp. Ex. 3). Villebrun's term of supervised probation was extended and then later revoked. (Resp. Exs. 4, 9). She is currently serving an eighteen-month sentence for the violations that led to the revocation of her probation. (Resp. Ex. 9).

On June 16, 2008, Villebrun appealed her 2006 conviction to the North Dakota Supreme Court, which dismissed the appeal as untimely. (Resp. Ex. 11A). On September 22, 2008, Villebrun requested the North Dakota Supreme Court to reconsider the dismissal and clarified that she intended to appeal from the order revoking her probation. (Resp. Ex. 11B). This appeal was allowed to go forward, but was later dismissed because Villebrun's brief failed to comply with the North Dakota Rules of Appellate Procedure. (Resp. Ex. 11C).

Petitioner states that on March 20, 2006 she pled guilty to Felony Possession of a Controlled Substance - Morphine, but did not enter a plea to the charge of Felony Possession of a Controlled Substance - Phentermine, as charged in the Information. She alleges that her plea was unlawfully induced, since she was never charged with Possession of Morphine. On March 24, 2008, petitioner's probation officer filed a petition for revocation of probation, which stated that petitioner "entered a plea of guilty to the charge of Possession of Controlled Substance - Morphine (Class C Felony)." (Ex. A to Petition, Doc. # 2-3). An amended petition for revocation was filed on May 23, 2008, stating that petitioner "entered a plea of guilty to the charge of Possession of Controlled Substance - Phentermine HCL (Class C Felony)." (Ex. B to Petition, Doc. # 2-4). Petitioner alleges she never had her "day in court" on the Possession of Phentermine charge, and therefore, her right to due process has been violated.

In an effort to determine which drug Villebrun was charged with possessing and which drug she pled guilty to possessing, the court ordered service upon the State of North Dakota and directed that the State explain the discrepancy and address the alleged violation of petitioner's due process. The respondent provided the court with a portion of the state record, which shows that Villebrun was charged with Felony Possession of a Controlled Substance - Phentermine HCL and pled guilty to the charge of Possession of a Controlled Substance in violation of N.D. Cent. Code § 19-03.1-23(6). (Resp. Exs. 2, 3). The Disposition Report indicates that petitioner was arrested for "Possession of a Controlled Substance Morphone (sic)," but later charged with Possession of a Controlled Substance - Phentermine, and that is the charge to which Villebrun pled guilty to possessing. (Resp. Ex. 12).

Petitioner claims that if she had known she was charged with Possession of Phentermine rather than Possession of Morphine she would not have pled guilty. (Doc. # 9). In order to determine if petitioner voluntarily and knowingly entered her guilty plea to the charge of Felony Possession of a Controlled Substance - Phentermine HCL, the court ordered the respondent to submit a transcript of petitioner's change of plea and sentencing hearing held in Cass County District Court. (Doc. # 15).

Merits and Respondent's Motion to Dismiss

The respondent argues that petitioner's claim should be dismissed for procedural default, failure to exhaust state remedies, and lack of merit. (Doc. # 7). Petitioner responded with a document that she has mistakenly filed in the form of a motion titled "Motion for Order to Show Cause and Prejudice" in an attempt to prove that her procedural default was justified. (Doc. #10). The court chooses to avoid the possibly difficult time-bar question and instead reach the

merits of petitioner's claim. "Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." Barrett v. Acevido, 169 F.3d 1155, 1162 (8th Cir. 1999). Furthermore, petitioner's habeas application "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Petitioner alleges that her due process rights were violated because she never had her "day in court" on the possession of Phentermine charge. She claims that if she had known she was charged with possession of Phentermine rather than possession of Morphine she would not have pled guilty. (Doc. #9). "Where the invalidity of a plea is asserted the record must be examined to assure that the plea was made voluntarily and is not the product of coercion." Watkins v. Solem, 571 F.2d 435, 437 (8th Cir. 1978). Voluntariness of a guilty plea is determined by considering the relevant circumstances surrounding it. Id. (citations omitted). The test is whether the guilty plea was "an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." Id.

The court finds petitioner voluntarily and knowingly entered her guilty plea to the charge of Felony Possession of a Controlled Substance - Phentermine HCL. The state record reflects that petitioner was charged in Count 1 of the Information with Possession of Phentermine HCL. (Resp. Ex. 2). Count 1 of the Information states, "that on or about said day, the defendant, Darcy Sue Villebrun, intentionally, knowingly or recklessly, exclusively or jointly, and actually or constructively possessed the schedule IV controlled substance Phentermine HCL at the 900 Block of 4th Avenue North." (Resp. Ex. 2). Petitioner pled guilty to Count 1, was represented

by counsel when she entered her plea, and does not allege that her counsel was ineffective. The transcript of the change of plea and sentencing hearing reveals that petitioner voluntarily pled guilty to Count 1 after discussing the charge with her attorney:

> THE COURT: Count 2 is dismissed. Ms. Villebrun, you've discussed Counts 1 and 3 with your attorney?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: As a result you'd like to change your pleas to those counts?
>
> THE DEFENDANT: Yes.
>
> THE COURT: The Court will vacate the not guilty pleas. On Count 1, possession of controlled substance alleged to have occurred on or about October 9, 2005, hindering law enforcement, that's Count 3, alleged to have occurred on or about that same date, the first a felony, the later a misdemeanor, how do you plea?
>
> THE DEFENDANT: Guilty.
>
> . . .
>
> THE COURT: Has anyone threatened you or forced you to plead guilty?
>
> THE DEFENDANT: No.

(Transcript 2-3). At the hearing petitioner stated that she discussed Count 1 with her attorney. Count 1 of the Information specifically states that petitioner possessed the controlled substance Phentermine HCL. In light of these circumstances petitioner cannot now claim that she did not know she was charged with Possession of Phentermine HCL.

Petitioner was represented by counsel and voluntarily pled guilty to Count 1 as charged in the Information after discussion with her attorney. Her argument that she has not had her "day in court" on the possession of Phentermine charge is without merit and petitioner is not entitled to habeas relief.

### Petitioner's Motion to Show Cause and Prejudice

At the same time that she filed her response to the motion to dismiss, petitioner filed a motion to show cause and prejudice, in which she claims she was denied access to time, research, notary and certificate of mailing forms regarding her pleadings before the North Dakota Supreme Court. She claims this led to dismissal of her appeal for procedural default. Since the court has found that petitioner's claims fail on the merits, the procedural claim is moot.

### Recommendations

Accordingly, it is **RECOMMENDED** Villebrun's petition for habeas relief under 28 U.S.C. § 2254 (Doc. # 2) **BE DISMISSED** with prejudice, that the respondent's motion to dismiss (Doc. # 6) **BE GRANTED**, and that petitioner's motion for order to show cause and prejudice (Doc. # 10) **BE DENIED** as moot.

Pursuant to Local Rule 72.1 (D)(3), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 27th day of April, 2009.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge